FILED
JUL 10 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY EF DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, v. Raul SANCHEZ, Jr. (1), Defendant. | Magistrate Case No. **08MJ8574** **FINDINGS OF FACT AND ORDER OF DETENTION** |

In accordance with § 3142(f) of the Bail Reform Act of 1984 (18 U.S.C. § 3141 et seq.), a detention hearing was held on July 2, 2008, to determine whether defendant Raul SANCHEZ, Jr., should be held in custody pending trial on the grounds that he is a flight risk. Assistant U. S. Attorney Karla K. Davis appeared on behalf of the United States. Court-appointed counsel, Holly S. Hanover, appeared on behalf of the Defendant.

Based on the evidence proffered by the United States and the Defendant, the Pretrial Services Report, and the criminal complaint issued against the Defendant on June 27, 2008, by this Court, the Court concludes that the following facts establish by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the Defendant required.

///

///

///

///

I

FINDINGS OF FACT

A. Nature and Circumstances of the Offense Charged (18 U.S.C. §3142(G)(1)

1. The Defendant is charged in Criminal Complaint No. 08MJ8574 with the importation of 12.48 kilograms (27.45 pounds) of cocaine in violation of 21 U.S.C. § 952 and 960. Therefore, probable cause exists to believe the Defendant committed the charged offense.

2. The charged offense is an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Uniform Controlled Substances Act (21 U.S.C.§ 801 et seq.). Thus, there arises a presumption that no condition or combination of conditions will reasonably assure the appearance of the Defendant as required. See 18 U.S.C. § 3142(e).

3. The offense carries with it a minimum mandatory 10 year sentence and a maximum life sentence. See 21 U.S.C. § 960(b)(1)(B). According to the United States Sentencing Guidelines, the Base Offense level is 32. See USSG § 2D1.1(3). Assuming the Defendant's criminal history score places him in Criminal History Category I, See USSG § 4A1.1, the sentencing range for the Defendant is 121-151 months in prison.

B. Weight of the Evidence Against the Defendant (18 U.S.C. § 3142(g)(2):

1. On June 26, 2008, Defendant SANCHEZ was the driver and registered owner of a 2007 Toyota Rav4. Defendant SANCHEZ was accompanied by his girlfriend, co-defendant, Diana Magali VARGAS-Tapia, as they entered the United States at the Calexico, California, East Port of Entry. During pre-primary inspection, a Narcotic Detector Dog alerted to the vehicle. Defendant SANCHEZ stated the vehicle belonged to his father. A subsequent inspection of the vehicle resulted in the discovery of 12.48 kilograms (27.45 pounds) of cocaine concealed inside the center console of the vehicle.

C. History and Characteristics of the Defendant (18 U.S.C. § 3142(G)(3):

1. The Defendant is a United States citizen.

2. The Defendant resides in Calexico, California.

3. The Defendant's parents and his girlfriend reside in Mexicali, Baja California, Mexico.

4. The Defendant is employed at La Trinidad Restaurant in Mexicali.

D. Nature and Seriousness of Danger Posed by Release (18 U.S.C. § 3142(g)(4):

1. The government proffered no evidence to suggest that release of the Defendant would pose a danger to any person or the community.

II

REASONS FOR DETENTION

A. There is probable cause to believe that the Defendant committed the offense charged in Criminal Complaint Number 08MJ8574, to wit: the importation of 12.48 kilograms (27.45 pounds) of cocaine in violation of 21 U.S.C. §§ 952 and 960.

B. The Defendant faces a substantial period of time in custody if convicted of the offense charged in the Complaint. He therefore has a strong motive to flee.

C. The Defendant has not rebutted the presumption, based upon the Court's findings, that there is probable cause to believe that the Defendant committed an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. § 801 et seq.), and that no condition or combination of conditions will reasonably assure the appearance of the Defendant at future court proceedings.

III

ORDER

IT IS HEREBY ORDERED that the Defendant be detained pending trial in this matter.

IT IS FURTHER ORDERED that the Defendant be committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

///

///

///

///

///

While in custody, upon order of a court of the United States or upon the request of an attorney for the United States, the person in charge of the correctional facility shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding or any other appearance stipulated to by defense and government counsel.

THIS ORDER IS ENTERED WITHOUT PREJUDICE.

IT IS SO ORDERED.

DATED: 7-10-08.

PETER C. LEWIS
UNITED STATES MAGISTRATE JUDGE

Prepared by:

KAREN P. HEWITT
United States Attorney

KARLA K. DAVIS
Assistant U. S. Attorney

cc: Holly S. Hanover
Counsel for Defendant